**K. H. WILLIAMS, Appellant,**

v.

**WESTCHESTER FIRE INSURANCE COMPANY, Appellee.**

**No. 16817.**

Court of Civil Appeals of Texas.

Fort Worth.

April 7, 1967.

---

1. Appellant did not make any special appearance as is authorized by Rule 120a, Texas Rules of Civil Procedure.

---

Short & Smith, and Donald E. Short, Wichita Falls, for appellant.

Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellee.

## OPINION

MASSEY, Chief Justice.

In this compensation case the claimant employee appealed from what he considered an inadequate award by judgment rendered upon a jury verdict.

Claimant seeks a remand contending that certain of the findings of the jury were so against the great weight and preponderance of the evidence as to be clearly wrong. The special issues in answer to which the jury findings were returned were those upon which the claimant carried the burden of proof.

The jury found that the claimant sustained an accidental injury in the scope and course of his employment on August 4, 1965 as a result of which he sustained temporary total incapacity of fifteen (15) weeks. Claimant believes that such a period of incapacity was much too short. It is of importance to note the further findings occasioned under the theory advanced by the insurance company that all of claimant's incapacity was limited to and caused solely by the hernia which resulted from claimant's injury on August 4, 1965. No part of claimant's theory of recovery, under his pleading, was predicated upon any claim for specific compensation under the Texas Workmen's Compensation Law in hernia cases. None of the usual issues applicable to hernia cases were submitted. It seems that there was no question but that one result of claimant's accident was his hernia. This was successfully operated and all the expenses of the operation and treatment of the hernia were paid by the insurance company. Trial, under claimant's theory, was upon his claim for compensation under the general provisions of the law because of a back injury involving his herniated disc, plus payment of the costs of hospitalization, treatment, etc., separately occasioned because thereof.

It is obvious from the findings that the jury accepted and believed the insurance company's contentions that no back injury was involved in claimant's accident of August 4, 1965, and that his injury was a strain resulting in his hernia, which had been operated and from the effects of which he had recovered by the end of fifteen (15) weeks.

Our test of the whole record, therefore, is directed to evidence bearing upon the question of whether claimant's claim because of back injury was properly rejected by the jury. We have concluded that it was. The claimant and his brother were

carrying some timbers from one place to another and releasing them. In the course thereof claimant had made a statement indicating that he had injured himself. He continued to work the balance of the day but did not return subsequently. Thus, the only evidence of the type and kind of injury sustained was through the testimony of the claimant himself and through the testimony of the co-worker, his brother, as to the statement claimant made relative thereto. There was medical testimony but the opinion testimony of the medical witness was demonstrated to have been necessarily predicated upon the credibility of the claimant's statements to him relative to the time and manner of the injury.

 Through use of a deposition given by the claimant in an earlier lawsuit relative to a back injury sustained by him some ten (10) years prior to the accident giving rise to the instant suit his testimony relative to the nature of his injury and disability stood impeached. He was, of course, an interested party whose testimony the jury was entitled to disbelieve. His "eye witness," the brother, initiated preparation of the "Employer's First Report of Injury" to the Industrial Accident Board. He gave the information appearing on the face thereof to the secretary who typed it. Thereon claimant's "Nature of Injury" is recited as: "Rupture or pulled muscle in the right side of abdomen." The jury was certainly entitled to disbelieve the testimony of such witness, given on direct examination, to the effect that claimant "told me he had thrown a kink in his back." We have previously mentioned the testimony of claimant's medical witness. Where the testimony of the claimant would not be binding upon a jury neither would that of a medical witness when the credibility of his testimony is manifestly dependent upon the credibility of the information imparted to the witness by the claimant. In any event, opinion evidence only serves to raise and support an issue, not to determine it.

It follows, therefore, that the jury findings of which claimant complains were within the jury's discretion to determine and not proper to be disturbed by this court.

None of the findings were against the great weight and preponderance of the evidence. We cannot say that the jury's verdict resulted in a wholly inadequate award under the evidence in the record.

The insurance company does not complain of the judgment, though there is some question as to its propriety where a hernia case is obviously presented though the recovery sought is not predicated thereon. It was upon motion of the company that judgment of the lower court was rendered.

Judgment is affirmed.